[*] Kirkpatrick, C. J.
When this case was first mentioned at the bar, the replication appeared to me to be a very extraordinary pleading. I have looked into it during the vacation, with some care, and am perfectly satisfied it cannot be supported.
I admit in its most extensive signification, the old maxim quod nemo Ms vexari debet si constat cuñae quod sit pro una eadem-causa. Every final judgment is conclusive as to its own subject matter, and may. be pleaded in any subsequent litigation between the Same parties, concerning the same thing; and that not in personal actions' only, but in all actions of what nature or kind soever. Some confusion seems to have crept in on this subject. A distinction has been made between personal actions, and actions which concern the realty; as if in the former, one trial were conclusive, but in the latter, there might be divers verdicts on the one side, and - divers on the other, and yet the parties could come to no finite end, as Ld. Coke says in his 8 Rep. But I apprehend, that there is nothing in this distinction, that Ld. Coke has hot always been correctly understood in this *373 place, and that the confusion has arisen from the great variety of actions devised for the recovery of real property under different circumstances, and from the not attending particularly to the nature of each particular action, and the, not seeing distinctly the subject mutter upon which it operates. It must be admitted too, that if the pleadings be so conducted as that issue is joined upon any precise point, even though it be a collateral one, the verdict on such point, followed by judgment, will, if properly pleaded, foreyer estop the party against whom it is found, from saying, in any other action, the same thing.
Now, in the case before us, it is not pretended that the subject matter is the same in the two actions, or in other words, that the trespass here complained of, is the same as that upon which judgment was rendered in the former action. It is manifest that it is totally distinct, and therefore the former judgment is not pretenAeAsie^fe^^iet up as a bar. But inasmuch as Richmond H^dg^SiS^t&l^acfeon, that the land on which, &c. was hiswpwper soil anoTipehold, and inasmuch as issue was takelL om th a verdict and judgment had thereon afa^ilmogeMpurrdOT whom the present defendant now sets u» title, it is contended that that verdict and judgment is coM^^BSh^tStfiat matter, and that the defendant is estoped to^my aught toJRff’contrary.
The principle is correct. ThS^cis^faiid judgment are conclusive as to the matter then put in issue. But how does this apply to the present case? That the locus in q%io, ¿¡~c. should have been the proper soil and freehold of Richmond on the 1st Aug. 1805, is in no way inconsistent with its being the proper soil and freehold of Rogers on the 1st Nov. 1806, when this trespass is alleged to have been committed. It does not therefore, carry with it the most essential requisite of a good plea, to wit: that it should conclude the allegation of the adverse party to which it is an answer.
Indeed as long as freeholds are terminable, and possession changeable, as long as lands are subject to alienations in various ways, and of course may belong to one to-day and another to-morrow, I cannot see how a verdict and judgment in a former action, upon an issue of this hind, can ever be pleaded either in bar or by way of estoppel, unless the second action be for the very same trespass, ejectment, or other injury, and that apparently so upon the record.
I distinguish between an issue taken on not guilty, liberum tenementum, or such other plea as puts the title generally in question, and an issue upon what the books call a precise point. The old writ of entry went to disprove the title of the tenant by showing the unlawful commencement of his pos *374 session, to wit: that it washy intrusion upon the demandant. The writ of assize, that of mort d’ancestors for instance, put in inquiry whether the demandant’s ancestor were seized on the day of his death, and whether the demandant himself were the next heir. Now this intrusion, and this dying seized, [*] and being the next heir, are what I understand to be precise points, in the sense of the books, which being once -determined, can never again be agitated between the samé parties; but such determination may be pleaded either in bar or by way of estoppel, as circumstances may require. So if one plead a prescriptive right, setting forth his prescription, or if he otherwise pleaded specially, setting forth his title on the record, and this prescription or title set forth on tho record be traversed, and issue had thereon, it would, in either case be a precise point, and being forever and unalterably the same, when once determined could never again be-questioned between the same parties. But it is not so easy for me to see how a verdict and judgment on not guilty, or-any other pleading which puts title generally in issue, can be set up in another action, for another injury, either as a bar or by way of estopel.
I have been referred in the vacation, to a case determined in K. B. in England, and reported in 3 East. 346, as illustrative of this subject. It was an action of trespass, for digging coal, &c. wherein the defendants justify, and make title to themselves under one Zouch, who, they say was seized and by indenture conveyed to one Johnson and others, particularly averring, that the coal mines in question,- were parcel of the mines, delphs, and veins of coal conveyed by the said indenture, and then, through the said Johnson, by sundry mesne conveyances, they deduce title to themselves. The plaintiff replies; that the defendants ought not to be admitted to aver in their plea that the coal mines in question, were parcel of the mines, delphs and veins of coal conveyed by the said indenture of -Zouch, because that very fact, that precise point, had been' put in issue in a former action of trespass for digging, &c. in this same place, between the same parties, and found for the plaintiff. And this replication was holden good, and the defendants estopped, &c. That is to say, the question whether the coal mines in controversy were parcel or not, of the premises conveyed by the indenture of [*] Zouch, having been once put in issue, and found for the plaintiff, it shall never again be questioned by the same defendants in that, or any other action.
But what resemblance has that to the case before us? Certainly none. In that, the issue is taken on a precise point, which Ld. Mansfield says, in Evelyn v. Haynes, is *375 always necessary to create an estoppel, and which being once determined, is forever determined between the same parties. In this it is taken on liberum, tcnementum generally, and being found for the now plaintiff, though conclusive against the defendant as to his, Richmond’s, possessory right at the time of the supposed trespass, it can conclude nothing further. For this right being liable to be defeated or changed a thousand different ways, it can never be inferred from such finding that it still remains in the same person.
I cannot express my sentiment on this subject so well in any other way, as by adopting the words of Ld. Ellenborough in the very case above mentioned j when in speaking of this same subject, he says, “A verdict and judgment, even in a real action, would not operate by way of a bar to future actions of trespass, or bring the parties to a finite end as Ld. Coke expresses it, because there may be, notwithstanding the verdict and judgment in the real action, even in that which is most conclusive, the writ of right itself, a right of possession derived under the owrner of the inheritance in fee simple, or those under whom he claims, which may enable a plaintiff in trespass to recover for an injury to his possession done by the very person in whose favor the absolute right of property shall have been so affirmed in a real action.”
A judgment, therefore, in every species of action, though conclusive as to its own proper purpose and object, is conclusive no further, nor for nothing else.
1 can find no case in which a plea like the present has been maintained; nay, I can find none in which it has even been pleaded.
[*] It has been proposed at the bar to make this replication more perfect, by adding further averments. From the view I have taken of the case, I do not see that the plaintiff can by that means put himself in a better condition. But upon that point I shall give no opinion at present. When the averments are made they will receive all the consideration which shall be due them.
In my present view of the case, therefore, there must be judgment for the defendant, William Hays.
ItossEni., J__Was of the same opinion.
Pennington, J.
J. — The question for this Court to determine is — whether the matter contained in the replication answers the plea of justification of the defendant? It is proper to state, that the trespass in this case, is alleged to have been committed on the 1st day of November, 1806, one year and three months after the trespass alleged in the *376 first action. I incline to think, that as well in personal as in real actions, a precise point, distinctly put in issue, and found by verdict, is conclusive between the same parties, or their privies; and that such finding may be set up in pleading by way of estoppel; and this is carrying the law the Avhole length the counsel for the plaintiff contends for. The question then is, does the matter of the replication shew that the precise point raised by the plea has been put in issue, and found for the plaintiff ? I think not. The point raised by the plea is, whether the soil and freehold in the locus in quo, was in Rogers at the time of .the trespass charged, to wit, in November, 1806, or not. The replication shews that the soil and freehold was found to be in Richmond, in August, 1805. There is no real repugnancy between the plea and replication ; they may both be true; Rogers may have acquired the title between the two periods of. time; it certainly cannot be a sufficient answer to a plea of liberum tcncmcntum, that the plaintiff owned the land fifteen months before the time of the alleged trespass, although it would be good evidence as far as it went, It is also to be observed, [*] that this matter is set up by Avay of estoppel. An estoppel must be certain to every particular intent, and not be taken by argument or inference; Coke Lit. 303, 352.
The learned counsel, for the plaintiff, has suggested for the consideration of the Court, the case of Outram v, Morewood; 3 East. 346, as an analagous case. Although that case is not an authority in this Court, yet the reasoning and solid learning displayed by the. respectable judge who delivered the opinion of the court of king’s bench in that case, is worthy of great consideration; and I fully subscribe to the law as there laid down. — I however, consider that case as differing from the one under consideration. It was an action of trespass, for breaking and entering a certain coal mine or vein of coal, lying within or under a certain close, called the cow-close, &c. and digging and carrying away coal, &c. The defendants set up in a special plea, a title to the coal mines, regularly brought down to them in right of the wife (the action being against husband and wife) from one Sir John Zoucli, who in the reign of Elizabeth, was seized in fee of the same, and avers that the coals in question, Avere under the lands of that former owner, Sir John Zouch, and were derived by bargain, and sale, through intermediate bargainees to the wife, and were not within certain exceptions contained in said grant.' The plaintiff replies, and relies by way of estoppel upon a former verdict; obtained by him, in an action of trespass brought by him against the wife, when sole, in which he declaimed for a trespass on the very same coal mine *377 as now, and to which the wife pleaded and derived title In the same manner as now done by the husband and wife, and alleged that the coal mines in question were, at the time of making the before mentioned bargain and sale by Sir John Zouch, part and parcel of the coal mines by that indenture bargained and sold; upon which point, whether the coal mines claimed by the plaintiff, and mentioned in his declaration, were parcel of what passed under Zouch’s grant; issue was taken and found for the plaintiff. The question was, whether [*] the defendants were estopped by the verdict and judgment thereupon, from averring (contrary to the fact so found against the wife) that the coal mines in question, were parcel of the coal mines contained in Zouch’s, grant; and the court decided that they were. The precise, point had been determined in the former action between the same parties. The defendants say, we have a right to dig coals in this mine; because it is parcel of Zouch’s grant, which has come to us. The plaintiff replies, you alleged this same fact in a former action, and it was found against you; and the court say that the defendants are estopped. Lord Ellenborough in giving the opinion of the court, said that it was not the recovery, but the matter alleged by the party, and upon which the recovery proceeded, that created the estopel; that a recovery itself in an action of trespass, is only a bar to a future recovery of damages for the same injury, but that the estopel precludes parties and privies from contending to the contrary of that point, or matter of fact, which having been once distinctly put in issue by them, has been on such issue, solemnly decided against them. In the case under consideration, the defendant endeavored to put in issue, this fact: that in November, 1806, the soil and freehold of the place in question, was in Rogers, by whoso command he entered. The plaintiff says, you are estopped to say that. Why so? — Because, in August, 1805, the freehold is found by verdict to be in me. This I take to be a distinct fact, and at best bears upon the point determined in the former action by argumental inference, which is insufficient to create an estopel. This difficulty pressed itself upon my mind on the argument of the cause. Whether this could not have been helped by proper averments, it is not now necessary to determine. It might have been given in evidence to prove the freehold of Richmond in August, 1805; but even in this case, it appears to me that a difficulty would have arisen for the want of a particular description of the locus in quo. I am glad however, that this question has been agitated; because 1 believe [*] that the conclusive nature of personal actions has been misunderstood. The idea of the *378 inconclusive nature of personal actions must have arisen, as I apprehend, from the inconclusive points as it respects title to land usually put in issue in those actions; not but that those actions as well as real are conclusive on the points distinctly put in issue, and found by verdict. In trespass the title is very seldom put in' issue in precise form, by a regular deduction of title, as in the casé of 3 East, above cited. It is also worthy of observation, that the fictitious form of the mixed action of ejectment, precludes the idea of estopel. I therefore concur in the opinion, that the defendant is entitled to judgment.
If the plaintiff wishes it, I have no objection that he should be let in to take issue on the defendant’s plea.
Judgment for defendant.